UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR SERRA,

        Plaintiff,

v.                                              Case No. 8:08-cv-856-T-17MAP

SATURN OF CLEARWATER, INC.
et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This action arises out of a retail installment sales contract Plaintiff entered into with Defendant Saturn of Clearwater for the purchase of an automobile. Before the Court for report and recommendation is Defendants' motion for a stay of action pending arbitration and to compel arbitration (doc. 12). Upon review of the parties' submissions, I conclude Plaintiff entered into a valid agreement with Saturn of Clearwater to arbitrate disputes arising out of or relating to the retail installment sales contract. Accordingly, I recommend the district court grant Defendants' motion for a stay of action pending arbitration and to compel arbitration.[1]

    *A. Background*

Plaintiff entered into a retail installment sales contract ("RISC") with Defendant Saturn of Clearwater to purchase a 2007 Saturn Ion. Under the terms of the agreement, Saturn of Clearwater had the right to cancel the agreement if it was unable to assign the contract within three days to "any one of the financial institutions with whom Seller regularly does business

---

    [1] The district judge referred the matter to me for a report and recommendation (doc. 20). *See* 28 U.S.C. § 636; Local Rule 6.01(b).

under an assignment acceptable to Seller." Saturn of Clearwater was unable to assign the RISC and exercised its right to cancel the agreement. Plaintiff brought this action, asserting Federal and Florida statutory claims. Defendants now seek to enforce the arbitration clause contained in the RISC.

*B. Discussion*

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, "embodies a liberal federal policy favoring arbitration agreements." *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (quotations and citations omitted). Under the FAA, "a district court must grant a motion to compel arbitration if it is satisfied that the parties actually agreed to arbitrate the dispute." *John B. Goodman Ltd. P'ship v. THF Constr., Inc.*, 321 F.3d 1094, 1095 (11th Cir. 2003) (citations omitted). "[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Caley*, 428 F.3d at 1368 (citation omitted). In this case, the Court looks to Florida law.[2] In applying Florida law, however, the Court is mindful that "[t]he federal policy favoring arbitration . . . is taken into consideration even in applying ordinary state law." *Id.* (quotations and citation omitted).

Although Plaintiff acknowledges the RISC contains an arbitration clause,[3] he argues the

---

[2] The RISC provides: "Federal law and the law of the state of our address shown on the front of this contract apply to this contract." Florida is the address shown on the front of the RISC.

[3] The arbitration clause provides, in part:

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship

arbitration provision never took effect because Saturn of Clearwater's assignment of the RISC was a condition precedent to the formation of a binding contract.

"As a general rule, conditions precedent are not favored, and courts will not construe provisions to be such, unless required to do so by plain, unambiguous language or by necessary implication." *In re Estate of Boyar*, 592 So. 2d 341, 343 (Fla. 4th Dist. Ct. App. 1992) (citation omitted). A provision of a contract will be deemed a condition precedent only where "the express wording of the disputed provision **conditions** formation of a contract and or performance of the contract on the completion of the conditions." *Gunderson v. Sch. Dist. of Hillsborough County*, 937 So. 2d 777, 779 (Fla. 1st Dist. Ct. App. 2006) (emphasis in original) (citations omitted); *cf. Black's Law Dictionary* 293 (6th ed. 1990) ("A 'condition precedent' is one that is to be performed before the agreement becomes effective, and which calls for the happening of some event or the performance of some act after the terms of the contract have been arrested on, before the contract shall be binding on the parties . . . .").

There is nothing in the wording of the RISC to indicate the assignment provision was a condition precedent to the formation of a binding contract. In fact, the parties' obligations arose upon signing the RISC. For example, the contract provided: "Seller agrees to deliver the vehicle to you on the date this contract is signed by Seller and you." Moreover, the contract provided that once Plaintiff signed the contract, he could cancel only if the "seller agrees or for legal cause." Defendant Saturn of Clearwater could cancel only as set out in the "Seller's Right to Cancel" provision of the contract. Applying the "law in Florida that the language used in a

---

with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

contract is the best evidence of the intent and meaning of the parties," *Boat Town U.S.A., Inc. v. Mercury Marine Div. of Brunswick Corp.*, 364 So. 2d 15, 17 (Fla. 4th Dist. Ct. App. 1978) (citation omitted), I conclude the parties formed a binding contract when they signed the RISC.

Plaintiff next argues Saturn of Clearwater's exercise of its right to cancel the RISC rescinded the RISC, making it, including the arbitration provision, of no force or effect.[4] In support of this argument, Plaintiff relies primarily on *Henderson v. Coral Springs Nissan, Inc.*, 757 So. 2d 577 (Fla. 4th Dist. Ct. App. 2000). In *Henderson*, the plaintiff entered into a contract with the defendant dealership to purchase a vehicle and made a $1000 down payment. *Id.* at 577. The next day, the defendant dealership contacted the plaintiff and demanded an additional $1000 down payment. *Id.* When plaintiff refused to make the additional down payment, the dealership "unilaterally rescinded the contract and repossessed" the vehicle. *Id.* at 577-78. The Florida court held the arbitration provision in plaintiff's contract with defendant was unenforceable because the rescission made the "contract void in its inception as though it never existed." *Id.* at 578 (citation omitted).

This case is distinguishable from *Henderson* because, by the express terms of the cancellation clause, the parties retained rights and duties under the contract even after the dealership exercised its right to cancel. Specifically, the cancellation provision states:

---

[4] Defendants contend Saturn of Clearwater did not exercise its rights under the cancellation provision, but rather terminated the contract due to Plaintiff's failure to provide required documentation. Because I reject Plaintiff's argument, even assuming the accuracy of its premise, I need not address Defendants' argument.

    Seller's Right to Cancel

    . . . .

    b. If Seller elects to cancel per Paragraph a above, Seller will give you written notice (or in any other manner in which actual notice is given to you). In that event, you may have the option of negotiating and signing a new contract with different financing terms (for example, a larger down payment, a higher annual percentage rate, a required cosigner, etc.) or you may pay with alternate funds arranged by you.

    c. Upon receipt of such notice, you must immediately return the vehicle to Seller in the same condition as when sold, reasonable wear and tear excepted. Seller must give you back all consideration Seller has received in accordance with the terms of the Retail Purchase Agreement or Buyers Order.

    d. If you do not immediately return the vehicle, Seller may use any legal means to take it back (including repossession) and you will be liable for all expenses incurred by Seller in taking the vehicle from you, including reasonable attorney's fees.

    e. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle. You must pay all reasonable costs for repair of any damage done to the vehicle while the vehicle is in your possession.

    f. The terms of this Seller's right to cancel survive Seller's cancellation of this contract.

As is evident from the RISC language, this is not a situation where a party's cancellation rendered the contract void *ab initio*. Rather, Saturn of Clearwater's exercise of its rights under the cancellation provision effectively terminated the financing portion of the contract and imposed a set of obligations on the parties to wind up the transaction. Thus, I conclude *Henderson* does not apply in this case and reject Plaintiff's argument.

    Finally, although far from clear, it appears Plaintiff may be attempting in his response to Defendants' supplemental brief to argue the cancellation provision is illegal and contrary to public policy and therefore the entire contract, including the arbitration clause, is void and of no effect. Assuming Plaintiff makes this argument, it is precluded by the Supreme Court's decision

in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). In *Cardegna*, the Supreme Court addressed whether "a court or an arbitrator should consider [a] claim that a contract containing an arbitration provision is void for illegality." *Id.* at 442. The court reaffirmed its decision in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967), holding "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Cardegna*, 546 U.S. at 449. As Plaintiff's argument go to the legality of the contract generally, and not to the arbitration provision in particular, he may not avoid his agreement to arbitration.

   *C. Conclusion*

   For these reasons, it is hereby

   RECOMMENDED:

   1.    Defendants' motion for a stay of action pending arbitration and to compel arbitration (doc. 12) be **GRANTED**.

   IT IS SO REPORTED at Tampa, Florida on November 4, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

   Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. Virginia M. Hernandez Covington
Counsel of Record