UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR SERRA

      Plaintiff,

v.                             Case No. 8:08-cv-856-T-33MAP

SATURN OF CLEARWATER, INC.,
et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Magistrate Judge Mark A. Pizzo's Report and Recommendation (Doc. # 26), filed on November 4, 2008, recommending that Defendants' Motion for Stay of Action Pending Arbitration and to Compel Arbitration (Doc. # 12) be granted. Plaintiff filed objections to the Report and Recommendation (Doc # 29), on November 17, 2008. In response to an order of the magistrate judge (Doc. # 21), each party filed a supplemental brief on the issue of whether Defendants' cancellation of the Retail Installment Sales Contract ("RISC") was valid. (Doc. ## 22, 25).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

Defendants seek to compel arbitration of this matter pursuant to the arbitration clause contained in the RISC that is the subject of this controversy. (Doc. # 12 at 2-4). Plaintiff argues that the arbitration clause is not enforceable because Defendants unilaterally revoked the sales transaction, thereby nullifying the RISC and the arbitration provision. (Doc. # 15 at 2). Following a thorough analysis, the magistrate judge determined that, under the written terms of the RISC, Defendants' cancellation did not render the contract void *ab initio*. (Doc. # 26 at 5). Finding that Defendants' cancellation served to both terminate the financing portion of the contract and impose certain

obligations on the parties to wind up the transaction, the magistrate judge rejected Plaintiff's rescission argument and determined that the arbitration agreement was valid and enforceable. (Id. at 4-5).

Plaintiff now urges the Court to reject the magistrate judge's report and recommendation, asserting that it relies on erroneous findings of fact and conclusions of law. (Doc. # 29 at 1-4). In addition, Plaintiff claims that the RISC "cannot be a valid contract if it violates the several consumer protection statutes as plaintiff alleges in the second amended complaint." (Id. at 2). Finally, Plaintiff argues that, because Defendants had the right to cancel the contract at any time based on their determination of whether assignment terms were "acceptable," the contract was illusory and neither party is bound by its provisions. (Id. at 2-5).

The Court finds Plaintiff's arguments unpersuasive. First, Plaintiff's assertion of erroneous findings in the magistrate judge's report is both incorrect and inconsequential. Plaintiff states that the report mistakenly concludes as a matter of fact that (1) Defendants cancelled the contract because they were unable to assign the RISC, and (2) Defendants are not creditors under the Truth in Lending Act ("TILA"). (Id. at 2-3). The Court's statement regarding

3

assignment of the RISC is simply a recitation of Defendants' allegations on that issue and does not constitute a finding of fact. In any event, Defendants' purported reason for cancellation is not relevant to the Court's determination on the enforceability of the arbitration provision.

Plaintiff also asserts that the magistrate judge found as a matter of fact that Defendants are not creditors under TILA. Plaintiff apparently reaches this conclusion based on the report's observation that, "Under the terms of the Agreement, Saturn of Clearwater had the right to cancel the agreement if it was unable to assign the contract within three days to 'any one of the financial institutions with whom Seller regularly does business under an assignment acceptable to Seller.'" (Doc. ## 29 at 3; 26 at 1-2). Plaintiff reasons that this statement evidences the Court's belief that "some third party 'acceptable to Seller' must be the creditor if there is to be a creditor at all." (Doc. # 29 at 3). Plaintiff's deduction is completely unfounded and, again, is of absolutely no relevance to the arbitration issue. Defendants' status as creditor goes to the merits of Plaintiff's claims and not to the arbitrability of those claims.

Plaintiff further alleges that the report erroneously concludes as a matter of law that the RISC complies with TILA

4

and the Motor Vehicle Retail Sales Finance Act ("MVRSFA"). (Id. at 2). The report contains no such conclusion. The magistrate judge's holding states that the parties "entered into a valid agreement . . . to arbitrate disputes arising out of or relating to the [RISC]." (Doc. # 26 at 1). Nowhere in the report does the magistrate judge discuss or make a finding regarding the contract's compliance with TILA or MVRSFA.

Plaintiff's second objection relates to his assertion that the contract is invalid because it violates certain consumer protection statutes. Again, this issue goes to the core of Plaintiff's claims and is not properly decided on a motion to compel arbitration.

The final objection asserts that the cancellation provision renders the contract illusory because Defendants were "not bound to do anything." (Doc. # 29 at 4-5). This argument is equally unavailing. It is well settled that a cancellation clause does not render a contract illusory and unenforceable unless it allows a party an unrestricted right to terminate at his pleasure. Lauren, Inc. v. Marc & Melfa, Inc., 446 So. 2d 1138, 1139 (Fla. 3d DCA 1984) (citing Restatement (Second) of Contracts § 77 (1981)). Where the contract can be cancelled only upon certain stated conditions, even if they amount to only slight restrictions, the contract

5

is considered to be supported by adequate consideration. Id. (citing 1 Williston on Contracts § 105 (3d ed. 1957)). Here, the RISC can only be cancelled if Defendants are unable to assign the contract within a finite period of time and under terms that are acceptable to Defendants. The Court finds these conditions to be legally viable restrictions on Defendants' right to cancel such that the contract is valid and enforceable.

After careful consideration of the Report and Recommendation and Plaintiff's objections, and in conjunction with an independent review of the file, the Court agrees with the well-reasoned findings of the magistrate judge. Thus, the Report and Recommendation will be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 26) is **ADOPTED, CONFIRMED, and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

(2) Defendants' Motion for Stay of Action Pending Arbitration and to Compel Arbitration (Doc. # 12) is **GRANTED.**

(3) The case is hereby **STAYED** pending notification by the

6

parties that they have completed the arbitration process and the stay is due to be lifted or the case is due to be dismissed.

(4) The parties shall file a joint status report with this Court every ninety (90) days until this matter is resolved.

(5) The Clerk shall terminate all deadlines and motions, and stay the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>29th</u> day of December 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

7